### DOUGLAS v. WESTERN UNION TELEGRAPH CO.

Civil Court of Record, Duval County.

July 7, 1952.

Carl G. Swanson, Jacksonville, for plaintiff.

Loftin & Wahl, Jacksonville, for defendant.

BURTON BARRS, Judge.

The plaintiff Douglass in his complaint on the common counts alleges that one W. C. Weiss at Portsmouth, Virginia on October 2, 1950 sent him a telegraphic money order for $175, which sum the defendant telegraph company received at its Jacksonville office but refused to deliver to him on demand.

The defendant company, in the third defense in its answer, admitted that Weiss sent the money order but stated that "prior to payment thereof Weiss cancelled said money order and at his request said money was refunded to said Weiss."

The company, in its fourth defense in its answer, alleged that—

> . . . under the rules and regulations of this defendant filed with the Federal Communications Commission and governing the handling by defendant of interstate telegraphic money orders, the sender may cancel a money order prior to payment of the money to the payee, the sender of the money order involved here did cancel it prior to payment of the money to plaintiff and said money was refunded to sender pursuant to the rules and regulations so filed with the Federal Communications Commission.

The parties having waived a trial by jury, the cause came on to be heard by the court on the pleadings and a stipulation of the parties as to the facts. Having heard and carefully considered the argument of counsel for the respective parties and being fully advised in the premises, I find from the stipulation of facts that the defendant has proved by a preponderance of the evidence each of the third and fourth defenses in its answer, and I therefore find in favor of the defendant and against the plaintiff. It is accordingly ordered that plaintiff shall take nothing by his suit and defendant shall go hence without day. As defendant waives costs, no costs are taxed against plaintiff.